UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

    Coleen Monplaisir,

                    Debtor.

NOT FOR PUBLICATION

No. 24-12033 (MG)

Chapter 7

# MEMORANDUM OPINION AND ORDER APPROVING THE FIRST INTERIM FEE APPLICATION OF LAMONICA HERBST & MANISCALCO, LLP AS GENERAL COUNSEL FOR THE CHAPTER 7 TRUSTEE, AND OVERRULING THE DEBTOR'S OBJECTION

*A P P E A R A N C E S:*

LAMONICA HERBST & MANISCALCO, LLP
*General Counsel to the Chapter 7 Trustee*
3305 Jerusalem Avenue
Wantagh, NY 11793
By:   Gary Frederick Herbst, Esq.
        Salvatore LaMonia, Esq.
        Jacqulyn S. Loftin, Esq.
        Nina Marie Proctor, Esq.

COLEEN MONPLAISIR
*Pro Se*
224 W 35th Street, STE 500
New York, NY 10001

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

      In this Opinion, the Court address the first interim fee application filed by LaMonica

Herbst & Maniscalco, LLP, and the corresponding objection filed by Coleen Monplaisir. As

explained below, the Court overrules the objection and grants the fee application.

1

# I. BACKGROUND

Pending before the Court is the *First Interim Fee Application of LaMonica Herbst & Maniscalco, LLP, General Counsel to the Chapter 7 Trustee* (the "Application," ECF Doc. # 78) filed by LaMonica Herbst & Maniscalco, LLP ("LHM") as counsel to Salvatore LaMonica, as Chapter 7 Trustee (the "Trustee") of Coleen Monplaisir a/k/a Coleen Rowe a/k/a CM Real Estate LLC ("Debtor" or "Coleen"), the *Debtors' Objection to Premature First Interim Fee Application of LaMonica Herbst & Maniscalco, LLP, General Counsel to the Chapter 7 Trustee* (the "Objection," ECF Doc. # 86) filed by Coleen and Andy Monplaisir ("Andy" or "Debtor," and together with Coleen, the "Debtors"), the *Reply in Further Support of the First Interim Fee Application of LaMonica Herbst & Maniscalco, LLP, General Counsel to the Chapter 7 Trustee* (the "Reply," ECF Doc. # 89) filed by LHM.

LHM seeks compensation of **$74,355.00** for services rendered and **$7,761.24** in expenses, for a total of **$82,116.24** in total compensation.

### A. The Application

1. <u>Case Background</u>

On November 25, 2024 (the "Filing Date"), Coleen and her husband Andy Monplaisir d/b/a Finesoft Solutions LLC ("Andy" and together with Coleen, the "Debtors") filed a joint voluntary petition (the "Joint Petition") for relief pursuant to Chapter 7 of the Bankruptcy Code. (Application ¶ 4.)

On their Joint Petition, Andy and Coleen indicated they jointly owned real property located at 5 Cherry Drive, Kingston, Jamaica ("Jamaica Property"), which they valued at $750,000. (*Id.* ¶ 5.) As of February 25, 2025, the secured creditor JMMB Bank (Jamaica) Limited ("JMMB") was owed $759,390.74 plus accruing interest in connection with its mortgage

2

to the Jamaica Property. (*Id.*) On November 25, 2024, the United States Trustee appointed Salvatore LaMonica as the Chapter 7 Trustee of Andy and Coleen's joint estates. (*Id.* ¶ 6.) LHM was retained as counsel to the Chapter 7 Trustee as of January 6, 2025. (*Id.* ¶ 7.)

On September 11, 2025, on Andy's Motion, Andy and Coleen's joint Chapter 7 cases were severed, and Andy's case was converted to one under Chapter 13 of the Bankruptcy Code. (*Id.* ¶ 8.) Currently, Salvatore LaMonica is the Chapter 7 Trustee of only Coleen's Chapter 7 estate. (*Id.*)

On October 7, 2025, LH&M filed a proof of claim in Andy's Chapter 13 case, which LHM amended on October 17, 2025 ("Andy Estate Claim"). The Andy Estate Claim was filed as an administrative claim in the amount of $52,725.13. (*Id.* ¶ 10.) The chapter 13 case is pending before Judge Mastando. This Opinion deals only with the LHM application in Coleen's case

### 2. The Objection

Coleen objects to the Application on a variety of grounds, some of which are now moot following the entry of the *Order Denying the Motions to Disgorge Fees* (ECF Doc. # 92). The primary focus of the Objection is that the Court cannot rule on the Application because the estate is still open and administration of Coleen's half interest in the Jamaica property is still going, and the Debtor has not received a discharge. Coleen thus contends that the Court cannot evaluate the Trustee's compensation.

Coleen's first argument is that the Trustee has not engaged in conduct that is reasonably likely to benefit the estate. (Objection at 6.) Coleen takes issue with the fact that her estate remains open, while being administratively insolvent, and claims that compensation is not permissible where payment is impossible under section 726 of the Code. (*Id.* at 7.)

3

Coleen claims that the Trustee's actions did not benefit the estate because he "pursued adversarial strategies, site visits, oppositions, and other litigation-related **efforts** that yielded no liquidation and no funds for distribution for the debtor's estate." (*Id.* (emphasis in the original).) Accordingly, Coleen believes that the lack of results, meaning the liquidation of her assets to distributable value, indicates that the Trustee should not be compensated. (*Id.* at 7-8.)

Lastly, Coleen claims that the actions of her previous counsel exacerbated the Trustee's fees. (*Id.* at 8.) As noted above, this contention is now moot following the entry of *Order Denying the Motions to Disgorge*.

3. The Reply

LHM argues in the Reply that it performed valuable legal services on behalf of Coleen and Andy's joint chapter 7 estate. (Reply ¶ 8.) LHM further notes that section 331 of the Code permits the Court to authorize interim compensation and cites various cases stating that the Court considers three factors when determining the allowance of interim compensation. (*Id.* ¶¶ 9-10.)

Contrary to Coleen's claims, LHM posits that it has, *inter alia*, (a) prepared an objection to Coleen and Andy's claimed homestead exemption to the Jamaica Property; (b) contacted secured creditor JMMB to enforce the automatic stay and halted the pending auction sale of the Jamaica Property; (c) prepared and defended opposition to Andy and Coleen's motion to convert their joint case; (d) attended and appeared at a hearing on the conversion motion; (e) attended and appeared at an evidentiary hearing before the Court; and (f) worked with JMMB to effectuate a sale of the Jamaica Property. (*Id.* ¶ 11.)

LHM further notes that it received several offers for the sale of the Jamica Property and had taken steps to effectuate the sale. (*Id.* ¶ 12.) However, due to the Debtors' attempts to stop

4

the sale, LHM was forced to engage in substantial work to assist the Trustee in performing his duties. (*Id.*)

LHM also notes the Coleen improperly conflates the Trustee's payment with that of his counsel and the Application solely seeks compensation for LHM as counsel. (*Id.* ¶ 13.) LHM also disputes Coleen's argument that the Court cannot rule on the Application due to the motion to disgorge; however, this point is now moot following the Court's denial of that motion.

## II. LEGAL STANDARD

The court may award fees to professionals under section 330 of the Bankruptcy Code. 11 U.S.C. § 330. Section 330 provides in relevant part:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328 and 329, the court may award . . .
>
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

In determining reasonable compensation, section 330 directs the court to consider:

> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time which the services were rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem issue, or task addressed;

5

> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

Because fee applications are required under the Bankruptcy Code, courts may award fees for time spent actually preparing a fee application "based on the level and skill reasonably required to prepare the application." 11 U.S.C. § 330(a)(6). "It is proper . . . for the bankruptcy court to examine the amount and value of the time spent preparing the [fee] application, and reasonable limits may be placed on compensation for such work." *In re Mesa Air Grp., Inc.*, 449 B.R. 441, 445 (Bankr. S.D.N.Y. 2011) (Glenn, J.) (quoting *In re Bennett Funding Grp., Inc.*, 213 B.R. 234, 249 (Bankr. N.D.N.Y. 1997)). While there is no clear-cut cap on the permissible amount charged for the preparation of fee applications, "the 3–5% range is a useful metric." *In re Mesa Air Grp., Inc.*, 449 B.R. at 445.

Whether services are necessary is determined from the perspective of the time at which the services were rendered. 3 COLLIER ON BANKRUPTCY ¶ 330.04[1][b][iii] (16th ed. rev. 2013). In the Second Circuit, the "necessary" standard in section 330 is given a broad interpretation. Services are "necessary" if they benefit the estate. *In re Keene Corp.*, 205 B.R. 690, 696 (Bankr. S.D.N.Y. 1997). The test considers whether services provided were "reasonably likely to benefit the estate" and is objective, asking "what services a reasonable lawyer or legal firm would have performed in the same circumstances." *In re Ames Dept. Stores, Inc.*, 76 F.3d 66, 72 (2d Cir. 1996) (citing *In the Matter of Taxman Clothing Co.*, 49 F.3d 310, 315 (7th Cir.1995)).

6

The Court "has an independent duty to review fee applications" and evaluate the compensation requested. *In re Keene*, 205 B.R. at 695. The Court "may reduce or disallow a request if the underlying services conferred no real benefit on the estate." (*Id.* at 696.) The Court may also reduce compensation if the request is based on incomplete or inaccurate time records. *See In re Hamilton Hardware Co.*, 11 B.R. 326 (Bankr. E.D. Mich. 1981) (denying an application seeking additional attorney's fees "where time records submitted by counsel did not meet test of adequacy.").

Fee applications must also comply with Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which requires "a detailed statement of (1) the services rendered, time expended, and expenses incurred, and (2) the amounts requested." FED. R. BANKR. P. 2016. Bankruptcy Rule 2016 requires disclosure of any payments previously made to the Applicant and of the existence of any compensation agreement between the Applicant, its client and any third party who will share the compensation. (*Id.*) Additionally, S.D.N.Y. Local Bankruptcy Rule 2016-1 requires that professionals seeking compensation or reimbursement "comply with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases promulgated by the Court." (S.D.N.Y. Bankr. R. 2016-1.) The Amended Guidelines referenced by Rule 2016-1 provide "clear and concise procedures for compensation and reimbursement expenses." (*See* S.D.N.Y. Bankr. R. 2016-1 Guidelines, *available at* http://www.nysb.uscourts.gov/sites/default/files/2016-1-a-Guidelines.pdf.)

The Amended Guidelines require certifications by the professional responsible for compliance with the guidelines that the fee application has been read, that the application and the fees therein comply with the guidelines, that the fees are billed at rates customary to the applicant and generally accepted by the applicant's clients, and that the applicant does not make

a profit on the service provided. (*Id.* at 5.) The application must also contain certifications of service upon and approval of the fee application by the trustee, the debtor, or the chair of each official committee. (*Id.*) These certifications must contain a list of all professionals and paraprofessionals working on a given case, aggregate hours spent by each professional, and "a reasonably detailed breakdown of the disbursements incurred and an explanation of billing practices." (*Id.*)

## III.  DISCUSSION

### A.  The Application

1. Response to the Objection

The Court **OVERRULES** the Objection. Coleen's argument focuses on section 330(a)(7) of the Code, which states "[i]n determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326." 11 U.S.C. § 330(a)(7). Coleen argues that because property has not been liquidated, no compensation to the Trustee should be permitted. However, as LHM correctly notes, the Application seeks compensation for the counsel to the Trustee, not the Trustee himself. Instead, LHM seeks compensation under sections 330 and 331 as attorneys retained under section 327 of the Code. Accordingly, section 330(a)(7) is inapplicable. Coleen is also incorrect that the Court may not award interim compensation. *See* 11 U.S.C. § 331.

The Court concludes that LHM's services were reasonable at the time they were performed for actual and necessary services for the preservation of the estate. LHM has, as discussed above, prepared objections, coordinated with creditors, marketed and attempted to sell the Jamica Property, and countered the Debtors' attempts to prevent the sale.

8

Therefore, LHM has provided services that are necessary to the estate, and the Court **OVERRULES** the Objection.

2. Fees

Moving to the Application itself, the Application seeks approval of a total of **$74,355.00** for services rendered and **$7,761.24** in expenses. (Application at 1.) Broken down by individual timekeeper, the Application seeks compensation for the following attorneys and legal professionals:

| Name | Position; Experience | Hourly Rate | Total Hours | Total Compensation |
|---|---|---|---|---|
| Gary F. Herbst, Esq. | Member; admitted in 1989. | $725.00 $362.50 | 27.30 4.40 | $19,792.50 $1,595.00 |
| Holly R. Holecek, Esq. | Member; admitted in 2008. | $575.00 | 3.00 | $1,725.00 |
| Jacqulyn S. Loftin, Esq. | Member; admitted in 1995. | $575.00 | 2.20 | $1,265.00 |
| Nina Proctor, Esq. | Member; admitted in 2018. | $425.00 | 110.70 | $47,047.50 |
| William Michetti, Esq. | Member; admitted in 2024. | $325.00 | 5.90 | $1,917.50 |
| Diana Roca | Paralegal | $225.00 | 4.50 | $1,012.50 |
| Total | | | 158.00 | $74,355.00 |

(*Id.* ¶ 13.)

In compliance with the Amended Guidelines, the Application also contains a breakdown of requested fees in accordance with billing category. (*Id.* ¶¶ 19-39.) The breakdown is replicated below.

| Activity Description | Hours | Fees |
|---|---|---|
| Case Administration | 19.00 | $7,455.00 |
| Motions | 85.40 | $40,045.00 |
| Retentions | 2.70 | $1,147.50 |
| Sale of Assets | 46.50 | $24,112.50 |
| Travel | 4.40 | $1,595.00 |
| Total | 158.00 | $74,355.00 |

(*Id.*)

9

3. <u>Expenses</u>

The Application seeks reimbursement for expenses totaling $7,761.24. (*Id.* at Ex. A.) The requested $1,334.23 for disbursements is comprised of $199.00 for court filing fees, $4.10 for PACER, $325.20 for photocopying, $224.85 for postage, and $5,673.86 for service fees. (*Id.*)

The requested expenses are reasonable and necessary for the administration of the Debtors' estate; therefore, the Court **APPROVES** the expenses in full.

## IV.    <u>CONCLUSION</u>

For the reasons discussed above, the Court **APPROVES** the Application and **OVERRULES** the Objection. Whether there will be funds in the Chapter 7 estate sufficient to pay the allowed fees and expenses ultimately depends on future developments in the cases of Coleen and Andy. Whether Coleen's 50% interest in the Jamaica Property has any value in her Chapter 7 case will depend on future developments in Andy's Chapter 13 case.

Dated:   February 12, 2026
         New York, New York

*Martin Glenn*
MARTIN GLENN
Chief United States Bankruptcy Judge